UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0414 LKK KJN P |
| Respondent, | |
| v. | ORDER |
| DIMAS MANUEL TORRES BARRAZA, aka "Dimas," "Titi," and "Manuel Torres," | |
| Movant. | |

Introduction

      Movant is a federal prisoner proceeding without counsel. Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] On May 22, 2012, movant pled guilty to conspiracy to distribute, and to possess with intent to distribute, methamphetamine. (ECF No. 176.) Movant seeks post-conviction relief alleging that defense counsel was ineffective at sentencing. Respondent's motion to dismiss the § 2255 motion is pending.

Factual Basis for the Plea

      Beginning no later than August 6, 2008 and continuing thereafter to on or about August 8, 2008, in the Eastern District of California, the defendant Dimas Manuel Torres Barraza (aka Manuel Torres

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:13-cv-1116 LKK KJN P.

1

and "Titi"), agreed with co-defendants Jose Miguel Garcia and Maria Ramirez to distribute and to possess with intent to distribute a prohibited controlled substance.

On August 8, 2008, the Sacramento Police Department (SPD), Drug Enforcement Narcotics Team (DENT) learned from a reliable Confidential Informant (CI) that a drug deal was going to happen on a particular day at the Home Depot on Meadowview Rd. in Sacramento. The CI met Ramirez the day before Ramirez told the CI that she could get the CI 5 lbs. of a prohibited controlled substance for $24,000, but she had to contact her source of supply (SOS) in Stockton. Ramirez confirmed from her source that they would deliver the controlled substance to the Home Depot in Sacramento the following day.

On the following day, Ramirez told the CI that the SOS wanted to do the deal at a residence on 21st Ave. because the vehicle bringing the drugs had a hidden compartment and the source didn't want to do it in an open parking lot. The CI agreed but wanted to see at least a 1 lb. "sample" of the controlled substance before the CI agreed to purchase all 5lbs. Ramirez confirmed with the SOS that this new plan would work out.

Moments later, a Jeep pulled into the parking lot. Ramirez and the CI got into the back seats of the Jeep. The driver of the Jeep was the defendant Dimas Manuel Torres Barraza. Jasmine Vargas, Dimas's girlfriend, was in the passenger seat. A Ford Fusion pulled up in the Home Depot parking lot.

The driver of the Fusion was the co-defendant, Jose Miguel Garcia. Garcia got out of the Fusion, and walked toward the passenger side of the Jeep, carrying an object wrapped in a shirt. Garcia handed Vargas the object.

The arrest signal was given and the police arrested all of the individuals and seized the one pound of controlled substance in the Jeep. The police located in the Ford Fusion approximately 4 lbs of a controlled substance in a hidden dashboard compartment. A laboratory tested the 5 pounds of the controlled substance, which tested positive for methamphetamine, a prohibited controlled substance. The defendant stipulates that he knew the controlled substance was prohibited.

(ECF No. 165 at 10.)

Factual Background

Movant was charged by two-count indictment with conspiracy to distribute and to possess with intent to distribute methamphetamine, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1), for the time frame August 6, 2008, to August 8, 2008. (ECF No. 1.) The two-count superseding indictment also charged movant with

1    conspiracy to distribute, and to possess with intent to distribute, methamphetamine, and
2    possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846 and
3    841(a)(1), but for the expanded time frame of June 23, 2007, to August 8, 2008.  (ECF No. 110.)
4         On December 20, 2011, at a change of plea hearing, movant pled guilty to count one of
5    the original indictment on December 20, 2011.  (ECF Nos. 165; 204.)
6         A Pre-Sentence Investigation Report ("PSR") was prepared in advance of movant's
7    sentencing hearing.  (April 16, 2012 PSR.)  The PSR calculated a base offense level of 33 and
8    criminal history category I, yielding a guideline range of 135 to 168 months in prison.  (PSR at
9    ¶ 34.)  The PSR recommended that movant be sentenced to 135 months of imprisonment, with no
10   fine and no supervised release, and a $100 special assessment.  (PSR at ¶ 47.)
11        Among other agreements set forth in the plea agreement, movant agreed to waive all
12   constitutional and statutory rights to appeal, including the right to direct appeal and the right to
13   bring a post-appeal attack on his conviction or sentence, including filing a motion under 28
14   U.S.C. § 2255 or 28 U.S.C. § 2241 attacking his conviction or sentence.  Of some significance,
15   movant also agreed that if he "ever attempts to vacate his plea, dismiss the underlying charges, or
16   reduce or set aside his sentence on any of the counts to which he is pleading guilty, the
17   government shall have the right (1) to prosecute the [movant] on any count to which he pleaded
18   guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3)
19   to file any new charges that would otherwise be barred by this plea agreement."  (ECF No. 165 at
20   7.)
21        On May 22, 2012, the district court held a judgment and sentencing hearing.  (ECF No.
22   197.)  The transcript from that hearing reflects that the court received the PSR, and confirmed that
23   probation had a copy of the PSR to hand to movant.  (ECF No. 197 at 4.)  At that point, the court
24   took a brief recess so that defense counsel could review the PSR with movant.  (ECF No. 197 at
25   4.)  The court then confirmed that movant was provided a copy of the PSR, and that it was
26   interpreted to him.  (ECF No. 197 at 4.)  The district court then confirmed that defense counsel
27   reviewed the PSR with movant.  (Id.)
28   ////

At sentencing, the respondent recommended that the court impose a 135 month sentence (ECF No. 197 at 5-6); defense counsel asked for the mandatory minimum sentence of 120 months (ECF No. 197 at 4-5). The district court sentenced movant to a term of imprisonment of 130 months, and a $100.00 special assessment. (ECF No. 175.) The judgment of conviction was entered on May 24, 2012. (ECF No. 176.)

Legal Standard

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

Discussion

Petitioner's § 2255 motion raises two claims alleging that defense counsel was ineffective: (1) defense counsel "fail[ed] to file a notice of appeal on petitioner's behalf after petitioner requested to do so;" and (2) defense counsel failed to move for a downward departure pursuant to §3B1.2 mitigating role based on movant's allegedly minor role as a "courier/bystander." (ECF No. 198 at 4-5.) After review of the § 2255 motion, respondent's motion to dismiss, and movant's opposition, the court has determined that additional briefing is required on movant's

4

1 first claim, as set forth below.[2]

2 Liberally construed, the § 2255 motion suggests that movant claims defense counsel failed to file a notice of appeal after movant asked defense counsel to file an appeal. However, movant included no specific facts to support this claim. (ECF No. 198 at 4.) Moreover, in the opposition to the motion, movant states that he "cannot show that he in fact instructed his attorney to file an appeal from . . . the record." (ECF No. 207 at 5.) Later in his opposition, movant states, "the counsel in this case fail[ed] to as much as discuss the matter with [movant] to lose his right to appeal [sic]." (ECF No. 207 at 7.) However, in his argument for claim two, movant states "he had instructed his lawyer . . . that if the sentencing was not less than 120 months she . . . should have submitted a notice of appeal that was the deal, but, this did not happen." (ECF No. 207 at 9.)

Because of the ambiguities and contradictions in movant's filings, the court cannot determine whether (1) movant asked his attorney to file a notice of appeal and his attorney refused to file the notice; (2) movant claims his attorney failed to discuss an appeal with movant, which he alleges was ineffective assistance because her failure to file the appeal resulted in no appellate review; or (3) at some point prior to sentencing, movant believes counsel agreed to file an appeal if the ultimate sentence exceeded 120 months. Moreover, movant failed to address his defense counsel's declaration, wherein she specifically states that her "records do not indicate any communications with Mr. Barraza following his sentencing. Nor do they reflect any request from Mr. Barraza, at any time, that [counsel] file an appeal on his behalf." (ECF No. 205 at 32.)

To establish ineffective assistance of counsel, movant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington, 466 U.S. 668, 689-90 (1984).

Thus, before the court can proceed, movant must clarify his first claim and provide facts in support. Movant should state whether counsel consulted with movant about an appeal. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). If counsel discussed the advantages and disadvantages

---

[2] In his second claim for relief, movant included factual allegations in support of his claim, and no additional briefing is required.

of filing an appeal with movant, movant must then explain whether movant gave counsel "express instructions with respect to an appeal." Id.  For example, if he claims he instructed counsel to file an appeal, movant should identify at what point in the proceedings he so instructed counsel and set forth details about their alleged exchange.  The record reflects that an interpreter was required for movant; thus, movant may not have written documentation to support his claim.  Therefore, it is important for movant to provide detailed facts as to the circumstances surrounding his alleged exchange with counsel.  Movant should not include legal arguments or case citations or include facts concerning his second claim.  Rather, movant's statement should only include specific facts describing the circumstances surrounding and supporting his first claim about the appeal.  Movant should also address the facts set forth in defense counsel's declaration (ECF No. 205 at 31-32).

Finally, in light of the possible consequences to movant should he proceed forward with a claim that he instructed defense counsel to file an appeal and counsel refused, movant should consider the following:

(1) In the plea agreement, movant agreed to not bring a direct appeal and received a considerable benefit in the form of a substantial reduction in his sentence.  In light of this plea agreement, as well as the benefit movant received, it is likely the appellate court will honor the plea agreement and refuse to consider any appeal.

(2) But even assuming the appellate court agreed to consider movant's appeal, the record does not reflect facts that would entitle movant to a lesser sentence.  Just because a co-defendant received a lesser sentence than movant does not mean that movant is entitled to a lesser sentence.  During the controlled drug buy, movant was identified as the source of the five pounds of methamphetamine.  (ECF No. 205-1 at 14.)  Moreover, the PSR specifically noted that "no evidence supported a mitigating role reduction under U.S.S.G. § 3B1.2."  (PSR at ¶15.)

(3) Movant agreed in the plea agreement that if he did appeal his sentence, the government could prosecute movant on the count to which he pled guilty, but also reinstate any counts that were dismissed, and file any new charges that would otherwise be barred by the plea agreement.  Therefore, if movant's first claim is granted, and he decides to appeal, and if his sentence is ultimately vacated, movant would be subject to prosecution on all of the charges on

1  which movant was indicted, and, if convicted, would be subject to a lengthier term of
2  imprisonment than he received.  In addition, movant would face additional financial penalties.
3  (PSR at ¶39.)

4   Movant is directed to file a statement clarifying his first claim for relief within twenty-one
5  days.  Movant is cautioned that if he fails to timely file such statement, the court may recommend
6  dismissal of the first claim.  If movant decides not to pursue this first claim, he may voluntarily
7  withdraw such claim.

8   Accordingly, IT IS HEREBY ORDERED that within twenty-one days from the date of
9  this order, movant shall file a statement clarifying his first claim for relief, as set forth above.
10 Dated:  February 26, 2014

12 /barr0414.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE