UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:08-cr-0414 LKK KJN P |
|---|---|
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DIMAS MANUEL TORRES BARRAZA, aka "Dimas," "Titi," and "Manuel Torres," | |
| Movant. | |

I. Introduction

Movant is a federal prisoner proceeding without counsel. On May 22, 2012, movant pled guilty to conspiracy to distribute, and to possess with intent to distribute, methamphetamine. (ECF No. 176.) Movant was sentenced to 102 months in the custody of the U.S. Bureau of Prisons. On June 3, 2013, movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

As part of his plea agreement, movant agreed to waive his right to appeal or to collaterally attack his conviction and sentence. Importantly, for purposes of the § 2255 motion, in his plea agreement, movant expressly waived his right to file a motion for federal habeas relief under 28 U.S.C. § 2255. For the reasons set forth below, the undersigned finds that movant's waiver of his

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:13-cv-1116 LKK KJN P.

1

right to appeal or collaterally attack his conviction and sentence was voluntary and intelligent. Accordingly, the undersigned recommends that respondent's motion to dismiss the § 2255 motion without a hearing be granted.

II. Factual Background

Movant was charged by two-count indictment with conspiracy to distribute and to possess with intent to distribute methamphetamine, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1), for the time frame August 6, 2008, to August 8, 2008. (ECF No. 1.) The two-count superseding indictment also charged movant with conspiracy to distribute, and to possess with intent to distribute, methamphetamine, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1), but for the expanded time frame of June 23, 2007, to August 8, 2008. (ECF No. 110.)

On December 20, 2011, at a change of plea hearing, movant pled guilty to count one of the original indictment. (ECF Nos. 165; 204.)

Among other agreements set forth in the plea agreement, movant agreed to waive all constitutional and statutory rights to appeal, including the right to direct appeal and the right to bring a post-appeal attack on his conviction or sentence, including filing a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 attacking his conviction or sentence. (ECF No. 165 at 6.) Of significance, movant also agreed that if he "ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the right (1) to prosecute the [movant] on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement." (ECF No. 165 at 7.)

A Pre-Sentence Investigation Report ("PSR") was prepared by the probation department in advance of movant's sentencing hearing. (April 16, 2012 PSR.) The PSR calculated a base offense level of 33 and criminal history category I, yielding a guideline range of 135 to 168 months in prison. (PSR at ¶ 34.) The PSR recommended that movant be sentenced to 135 months of imprisonment. (PSR at ¶ 47.)

On May 22, 2012, the district court held judgment and sentencing. (ECF No. 197.) The transcript from that hearing reflects that the court received the PSR, and confirmed that probation had a copy of the PSR to hand to movant. (ECF No. 197 at 4.) At that point, the court took a brief recess so that defense counsel could review the PSR with movant. (ECF No. 197 at 4.) The district court then confirmed that movant was provided a copy of the PSR, and that it was interpreted to him. (ECF No. 197 at 4.) The district court also confirmed that defense counsel reviewed the PSR with movant. (Id.)

At sentencing, the respondent recommended that the court impose a 135 month sentence (ECF No. 197 at 5-6); defense counsel asked for the mandatory minimum sentence of 120 months (ECF No. 197 at 4-5). The district court sentenced movant to a term of imprisonment of 130 months, and a $100.00 special assessment. (ECF No. 175.) The judgment of conviction was entered on May 24, 2012. (ECF No. 176.)

Movant did not file an appeal.

On June 3, 2013, movant filed his § 2255 motion. (ECF No. 198.) Respondent filed a motion to dismiss (ECF No. 205), and movant filed an opposition (ECF No. 207). No reply was filed. Movant filed a response to the court's further briefing order on March 31, 2014. (ECF No. 209.)

III. Legal Standards

Title 28 U.S.C. § 2255 provides that:

> [a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States

////

District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).

IV. Discussion

Petitioner's § 2255 motion raises two claims alleging that defense counsel was ineffective: (1) defense counsel "fail[ed] to file a notice of appeal on petitioner's behalf after petitioner requested to do so;" and (2) defense counsel failed to move for a downward departure pursuant to § 3B1.2 mitigating role based on movant's allegedly minor role as a "courier/bystander." (ECF No. 198 at 4-5.)

Respondent moves to dismiss the § 2255 motion on the ground that movant waived the right to collaterally attack his conviction and sentence. In the alternative, respondent argues that movant's claims are procedurally defaulted based on movant's failure to raise them on appeal, and argues that no evidentiary hearing is required unless the court requires a credibility determination. For the following reasons, the undersigned recommends that the motion to dismiss be granted.

A. Waiver

A plea agreement is a contract and subject to contract law standards. United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001). In a plea agreement, a defendant may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) ), cert. denied, 508 U.S. 979 (1993) (allowing defendant to waive the statutory right to file a § 2255 petition challenging the length of his sentence).

In Abarca, the Ninth Circuit held that defendant's knowing and voluntary waiver of the statutory right to bring a § 2255 motion was enforceable, but did "not hold that Abarca's waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of

4

ineffective assistance of counsel or involuntariness of the waiver." Abarca, 985 F.2d at 1014. A year later, the court noted that "[a] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." Pruitt, 32 F.3d at 433. The court again expressed doubt "that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." Id.

Subsequently, in Nunez, the Ninth Circuit held that a defendant's waiver of the right to appeal his sentence is an implicit waiver of the right to raise on appeal a claim of ineffective assistance of counsel at sentencing because the claim is an attack on the sentence. Id., 223 F.3d at 959. "The Ninth Circuit has not said that a waiver of a § 2255 motion is also an implicit waiver of any claim of ineffective assistance of counsel regarding his sentence, but several district courts have concluded that a valid waiver of the right to bring a collateral attack on a conviction and sentence also waives the right to argue ineffective assistance of counsel on those grounds." United States v. Maya-Cruz, 2014 WL 3362356 (E.D. Cal. July 8, 2014) (citations omitted). But the Ninth Circuit has ruled that "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver." Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005), cert. denied, 547 U.S. 1074 (2006).

Here, movant does not claim that his waiver of the right to collaterally attack his conviction and sentence was not knowingly and voluntarily made, or that counsel induced movant to plead guilty or to accept a particular plea bargain based on alleged ineffective assistance of counsel. Rather, movant contends that counsel was ineffective based on her failure to move for a downward departure based on movant's minor role in the offense, and counsel's failure to file an appeal after movant so requested.

Within the Ninth Circuit there is a split of authority as to whether or not the waiver of collateral attack is valid as to an ineffective assistance claim for failure to file a notice of appeal upon request. In two separate cases addressing the same issue, one district judge found such claims should be heard on the merits:

> Petitioner's claim that his attorney did not file a notice of appeal after being requested to do so can only be raised in a Section 2255 motion. Although Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), did not specifically involve a waiver of the right to appeal and a waiver of the right to collaterally attack petitioner's conviction and sentence, the Ninth Circuit's holding, when conjoined with the Supreme Court's statement in Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000), strongly implies that this claim of ineffective assistance of counsel may proceed to the merits, notwithstanding waiver issues.

Sanchez v. United States, 2008 WL 2622866, * 1 (E.D. Cal. 2008); Torres v. United States, 2008 WL 2622867, * 1 (E.D. Cal. 2008) (same).[2] Another district judge found that a claim that defense counsel ignored the request to file an appeal exceeds the scope of the collateral waiver "because it does not constitute a challenge to the plea, conviction, restitution imposed, or sentence," and therefore must be reviewed on the merits. Schneider v. United States, 2012 WL 5522703, *4 (E.D. Cal. Nov. 14, 2012).[3] "Rather, the claim challenges Ms. Schneider's inability to file an appeal." Id.

---

[2] In Sandoval-Lopez, the Ninth Circuit held that it was error to dismiss, without an evidentiary hearing, a § 2255 motion alleging that the prisoner, who had waived his right to appeal in a plea agreement, specifically told his attorney to file a notice of appeal. Sandoval-Lopez, 409 F3d at 1193. The prisoner in Sandoval-Lopez had not waived his right to bring a collateral attack. Id. In Flores-Ortega, the Supreme Court held that the failure to file a requested notice of appeal is ineffective assistance of counsel with or without a showing that the appeal would have merit; prisoner need only show he would have filed an appeal. Id., 528 U.S. at 470. The prisoner in Flores-Ortega had not waived his right to appeal or file a collateral attack. Id.

[3] Another court took a different approach. Min v. United States, 2012 WL 503866 (W.D. Wash. Jan. 11, 2012). In Min, the magistrate judge found that "under the circumstances it would be best to assume the verity of the [appeal] claim without holding an evidentiary hearing and to proceed accordingly." Id. at *4. After discussing the foolishness of risking the loss of "a seven-year plea bargain on an appeal almost sure to go nowhere, in a major heroin case," the court recommended that, unless the government objected, the judgment be vacated and re-entered without an evidentiary hearing "because it would be a waste of judicial resources to appoint Mr. Min counsel and to hear testimony regarding a claim that, if successful, would simply enable him to file an appeal that appears to be doomed *ab initio*." Id. at *5. Subsequently, the government objected, and the district court referred the matter back to the magistrate judge for an evidentiary hearing to determine the veracity of Mr. Min's claims. Min v. United States, Case No. C11-0647-JCC (W.D. Wash. February 15, 2012) (ECF No. 12). An assistant federal defender was appointed to represent Mr. Min at the evidentiary hearing. Counsel later stipulated to the dismissal of Mr. Min's claim that trial counsel was ineffective by failing to file a notice of appeal, and the hearing was vacated. Id. (ECF No. 15).

By contrast, five district judges have enforced collateral attack waivers where the prisoner claimed counsel refused to file a notice of appeal. Loviano v. United States, 2014 WL 3362210 (E.D. Cal. July 8, 2014) (voluntary waiver of collateral review bars claim where the waiver of right to file § 2255 motion specifically listed in waiver portion of written plea agreement); Contreras-Sanchez v. United States, 2014 WL 202617 (S.D. Cal. Jan. 16, 2014) (collateral attack waiver was knowing and voluntary, and plain language provided broad waiver and expressly waived right to collaterally attack, thus encompassing his claims); United States v. Dominguez-Barajas, 2013 WL 4026895 (D. Ariz. Aug. 7, 2013); United States v. Gomez-Cazares, 2013 WL 394208 (D. Ariz. Jan. 31, 2013); Lewis v. United States, 2009 WL 4694042 (D. Ariz. Dec. 4, 2009). All of these decisions focused on "the importance of enforcing knowing and voluntary waivers of collateral attack irrespective of the merits of the claims." Loviano, 2014 WL 3362210 at *1. In Lewis, the court explained its reasoning:

> What is at issue here is not the validity of Movant's claim that counsel was ineffective for failing to file an appeal. Rather, what is at issue here is the enforceability of Movant's waiver of his right to assert such a claim in a collateral attack. Nothing in Flores-Ortega or Sandoval-Lopez would render Movant's waiver unenforceable.

Lewis, 2009 WL 4694042, at * 5. In Loviano, the court expressed reluctance

> to read Sandoval-Lopez to permit a district court to refuse to enforce an admittedly voluntary waiver of collateral review based on a finding that an issue may be meritorious if it were not waived. The Ninth Circuit has recognized that courts should enforce a waiver of the right to collaterally review . . . a conviction if "(1) the language of the waiver encompasses the defendant's right to [dispute] the grounds claimed . . ., and (2) the waiver is knowingly and voluntarily made." United States v. Ligon, 461 F. App'x 582, 583 (9th Cir. 2011) (quoting United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000)).

Loviano, 2014 WL 3362210 at *2.

The undersigned is persuaded that the court should enforce waivers of collateral attacks that are knowingly and voluntarily made and where the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion.

////

////

7

i. <u>Knowing and Voluntary</u>

The court turns to the instant record to determine whether movant made a knowing and voluntary waiver. On December 14, 2011, the court-certified Spanish-English interpreter read the entire contents of the plea agreement to movant, translating the document from English to Spanish. (ECF No. 165 at 9.) Movant signed the plea agreement on December 20, 2011, acknowledging that he had read the entire agreement and carefully reviewed every part of it with his attorney. (ECF No. 165 at 8-9.) The agreement provides, in pertinent part:

> **B. Waiver of Appeal and Collateral Attack**: The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court. . . .
>
> Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(ECF No. 165 at 6-7.) The plea agreement is also signed by movant's defense attorney on December 20, 2011, who stated that she read the plea agreement and discussed it fully with her client. (ECF No. 165 at 8.)

During the December 20, 2011 change of plea hearing, the district court confirmed with movant that he was

> giving up the right of appeal and collateral attack. What that means is no court, higher, lower, or at the same level, no court will have the authority to examine these proceedings to determine whether they are legally proper or whether there is a factual basis for the entry of a plea.
>
> Do you understand?
>
> [Movant]: Yes.

(ECF No. 204 at 8.) Movant was advised that he faced the mandatory minimum term of ten years imprisonment. (ECF No. 204 at 8-9.) Movant was cautioned that no matter the recommendation of the probation department concerning sentence, the court could sentence movant to a prison term that was greater, less or the same. (ECF No. 204 at 9.) Movant agreed that he understood.

After being placed under oath, movant denied that any promises were made to get him to plead guilty that were not included within the written plea agreement. (ECF No. 204 at 11-12.) Movant agreed that the factual basis for the plea was true. (ECF No. 204 at 12-13.) The district court then found that movant

> understands, freely and voluntarily waives his constitutional rights, has understood the nature of the charges and the consequences of his plea. [¶] The Court further finds there is a factual basis for the entry of a plea, and the [movant's] plea this morning will be free and voluntary[].

(ECF No. 204 at 13.)

In addition, movant's statements made under oath during the plea colloquy are entitled to a presumption of truthfulness. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Here, movant provides no reason for this court to doubt the truthfulness of his sworn statements that he understood the rights he was giving up and that he was doing so freely and voluntarily.

Based on the plea colloquy and the written plea agreement, the undersigned finds that movant knowingly and voluntarily waived his right to collaterally attack his sentence.

### ii. Scope of the Waiver

In Nunez, the Ninth Circuit explained how to determine whether the language of the waiver encompassed the defendant's right to appeal on the grounds claimed on appeal:

> we determine whether the agreement, by its terms, waives the right to appeal. In doing so, we apply contract principles, including the parol evidence rule. United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parol evidence rule, a court looks to, and enforces, the plain language of a contract and does not look to "extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument." Wilson Arlington Co. v. Prudential Ins. Co. of Am., 912 F.2d 366, 370 (9th Cir. 1990), citing Trident Center v. Connecticut General Life Ins. Co., 847 F.2d 564, 568-69 (9th Cir. 1988).

Nunez, 223 F.3d at 958. Another district court has used similar contractual principles in evaluating the scope of the waiver in this context. Contreras-Sanchez, 2014 WL 202617 at *4.

Here, movant's ineffective assistance of counsel claims are encompassed within the scope of movant's collateral attack waiver because the plain language of the waiver contained within the written plea agreement states that movant

> gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(ECF No. 165 at 6-7.) This language is not ambiguous. Movant clearly and expressly waived, by plain language, his right to file a motion under 28 U.S.C. § 2255. This waiver is broad and covers both claims raised in his § 2255 motion. His claim that counsel failed to file an appeal is an attempt to challenge his conviction and sentence. While movant was deprived of the opportunity to file an appeal, an appeal challenges the conviction and sentence. His claim that counsel failed to bring a motion for downward departure based on his alleged minor role in the offense is an attack on the legality of the imposed sentence. Thus, both claims fall within the scope of the waiver contained in the written plea agreement.

### iii. Conclusion: Waiver

In conclusion, the record reflects that movant expressly waived his right to file a § 2255 motion in the written plea agreement, such waiver was knowingly and voluntarily made based on movant's statements made under oath during the plea colloquy, and his claims are encompassed within the scope of the waiver. Therefore, movant's collateral attack waiver should be enforced, and the § 2255 motion should be dismissed.

### B. Alternative: Merits of Appeal Claim

Even assuming, *arguendo*, that movant's collateral attack waiver does not bar consideration of movant's claim that defense counsel failed to file an appeal in response to movant's request, or that the collateral waiver did not encompass such a claim, the record demonstrates that no evidentiary hearing is required, and such claim should be denied.

////

The Sixth Amendment guarantees the effective assistance of counsel. To establish a claim of ineffective assistance of counsel, movant must show that defense counsel's performance fell below an objective standard of reasonableness, and that movant was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 688 (1986). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 687.

Where a defendant pled guilty and is asserting ineffective assistance of counsel, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Whether prejudice has been demonstrated under Strickland depends on the facts of a particular case. "[T]o obtain relief on this type of claim, a [movant] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." See Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010), citing Flores-Ortega, 528 U.S. at 480-81. Thus, only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have rejected the plea offer and insisted on going to trial.

Where the defendant demonstrates that he asked counsel to file an appeal, but counsel failed to do so, the defendant is not required to demonstrate his appeal had merit, but must show there was a reasonable probability that the defendant would have filed an appeal. Flores-Ortega, 528 U.S. at 484, 486.

By order filed February 26, 2014, the court noted movant's failure to include facts to support his claim that defense counsel failed to file a notice of appeal after movant's request, and in his opposition to respondent's motion to dismiss, movant made ambiguous and contradictory statements. (ECF No. 208 at 5.) Specifically,

> movant states that he "cannot show that he in fact instructed his attorney to file an appeal from . . . the record." (ECF No. 207 at 5.) Later in his opposition, movant states, "the counsel in this case fail[ed] to as much as discuss the matter with [movant] to lose his right to appeal [sic]." (ECF No. 207 at 7.) However, in his

> argument for claim two, movant states "he had instructed his lawyer . . . that if the sentencing was not less than 120 months she . . . should have submitted a notice of appeal that was the deal, but, this did not happen." (ECF No. 207 at 9.)

(ECF No. 208 at 5.) In response to the order requiring clarification, movant states that on December 14, 2011, during his discussion with counsel as to sentencing, he verbally instructed his lawyer to submit a Notice of Appeal, and counsel's translator was a witness. (ECF No. 209 at 1-2.) During such discussion, movant claims he told his lawyer he would not sign the plea agreement unless the sentence was reduced from the recommended 135 to 158 month range. He alleges that his lawyer promised movant he would be sentenced to less than 120 months, but if he wasn't, the lawyer would file an appeal. (ECF No. 209 at 2.) Movant claims that counsel should have informed him that he could not appeal because he had waived his right to appeal, however "because the lack of [sic] legal knowledge he never knew that he would waive his rights to appeal." (ECF No. 209 at 3.)

Movant presents no evidence to support his claim that he asked for an appeal, other than his own self-serving statements. Movant's only verified statement, unsupported by factual allegations, is the one contained in his § 2255 motion: "[Movant's] counsel fail[ed] to file a notice of appeal on [movant's] behalf after [movant] requested to do so, affecting and depriving [movant] of his constitutional rights." (ECF No. 198 at 4.) Movant's opposition to the motion to dismiss, as well as his response to the court's further briefing order, were not signed under penalty of perjury. (ECF Nos. 207, 209.)

On the other hand, respondent provided the sworn declaration of movant's defense counsel who declares that she represented movant at his change of plea hearing on December 20, 2011, and that the plea agreement contained a provision waiving the right to appeal or collaterally attack any sentence. (ECF No. 205 at 31.) Counsel also represented movant at his sentencing hearing on May 22, 2012, and in preparation for such hearing, she prepared and filed a sentencing memorandum in consultation with movant. Counsel has a practice of memorializing all client communications, including requests for filing an appeal. (ECF No. 205 at 32.) Counsel's "records do not indicate any communications with [movant] following his sentencing. Nor do

they reflect any request from [movant], at any time, that [counsel] file an appeal on his behalf." (ECF No. 205 at 32.) Counsel declared that she "did not independently contact [movant] about filing an appeal after his sentencing as [counsel] did not believe there was any good faith basis for an appeal, as he had waived his appeal rights, and had received a favorable plea bargain and sentence, below the low-end of his sentencing guidelines calculation." (ECF No. 205 at 32.)

The record of proceedings rebuts movant's claim that he wanted to file an appeal for the following reasons.

First, movant claims he asked counsel to file an appeal during a discussion that took place on December 14, 2011, prior to his change of plea hearing. However, movant makes clear that his focus during this discussion with counsel was the amount of prison time he faced. (ECF No. 209 at 1-2.) Conversely, decisions as to whether or not to appeal are generally made once the sentence has been rendered, inasmuch as the final sentencing decision is within the discretion of the sentencing judge. (ECF No. 204 at 9.)

Second, movant's claim that his "lawyer promised movant he would be sentenced to less than 120 months" (ECF No. 209 at 2) is not credible because movant was facing a statutory mandatory minimum sentence of ten years. As recently stated by the Ninth Circuit:

> Mandatory minimum sentences do not violate due process or the Eighth Amendment, see Harmelin v. Michigan, 501 U.S. 957, 994–96 (1991); United States v. Van Winrow, 951 F.2d 1069, 1071 (9th Cir. 1991), and 18 U.S.C. § 3553(a) does not permit a district court to impose a sentence below the mandatory minimum, United States v. Wipf, 620 F.3d 1168, 1169-70 (9th Cir. 2010).

United States v. Marquez, 2014 WL 3377993 (9th Cir. 2014). Therefore, movant's claim is belied by the fact that the district court did not have discretion to sentence movant to a prison term less than the ten year mandatory minimum, and is further confirmed because defense counsel argued in her sentencing memorandum that movant should be sentenced to the mandatory minimum sentence of 120 months, or ten years.

Third, during the change of plea hearing that took place after the alleged discussion with counsel, the government reiterated the major portions of the plea agreement," and noted that in exchange for movant's guilty plea, movant "agrees to waive his appeal rights and his rights to

13

collaterally attack his conviction and sentence." (ECF No. 204 at 3-5.) The district court asked movant if he understood what the Assistant United States Attorney had just told the court, and movant responded, "Yes, sir." (ECF No. 204 at 5.)

The district court then advised movant that before he would be permitted to plead guilty, the court must explain the constitutional rights movant was giving up, and specifically told movant: "If, in the course of these proceedings, I say something you do not understand, I don't want you to guess, I want you to tell me you don't understand and I will try and make it clear to you." (ECF No. 204 at 5-6.) After movant agreed that he was giving up various constitutional rights, the district court inquired further:

> THE COURT: In addition, sir, you're giving up the right of appeal and collateral attack. What that means is no court, higher, lower, or at the same level, no court will have the authority to examine these proceedings to determine whether they are legally proper or whether there is a factual basis for the entry of a plea. [¶] Do you understand?
>
> THE DEFENDANT: Yes.

(ECF No. 204 at 8.) At no time during these change of plea proceedings did movant object, indicate he did not understand, claim that he did not want to waive his right to appeal, or state that he wanted to appeal.

Fourth, counsel prepared her sentencing memorandum in consultation with movant. Movant does not claim that he asked counsel to file an appeal during this consultation. In the sentencing memorandum filed on May 11, 2012, counsel strenuously argues that movant should be sentenced to the mandatory minimum sentence of 120 months.

Fifth, the PSR has the "Yes" box checked next to the sentence, "The Plea Agreement contains a provision pertaining to waiver of appeal rights." (PSR at 15.) At the sentencing hearing, the court confirmed that movant was provided a copy of the PSR and that it was interpreted to him. (ECF No. 197 at 4.) In addition, the court confirmed with defense counsel that she had reviewed it with movant. (Id.) The court asked movant if he wanted to say anything before the court pronounced judgment and sentencing, and movant responded, "No." (ECF No. 197 at 5.)

Sixth, about five months after the December 14, 2011 meeting, movant was sentenced on May 22, 2012, to 130 months in state prison. Movant acknowledges that he has nothing in writing to confirm that he asked defense counsel to file an appeal. (ECF No. 209 at 2.) Despite the admonitions that movant received in open court during the December 20, 2011 plea hearing concerning his waiver of appeal, movant did not write to counsel to inquire, and he alleges no further verbal communication with defense counsel concerning the appeal following their meeting on December 14, 2011. Movant claims that defense counsel did not come to see him after the May 22, 2012 sentencing, which defense counsel also confirms. In his opposition, movant claims he thought defense counsel had submitted a notice of appeal. (ECF No. 207 at 4.) But movant provides no further factual support for this alleged belief. He did not call or write to counsel after sentencing, and he made no written inquiry to the court. Indeed, it wasn't until May 24, 2013, just over a year after he was sentenced, that movant signed his § 2255 motion claiming he had asked counsel to appeal on December 14, 2011. Movant fails to explain why he did not object during the plea hearing, or during sentencing, or why he waited over a year to contact the court.

For all of these reasons, the record demonstrates that movant chose not to exercise his appellate rights. His claim is rebutted not only by the sworn declaration of counsel, but by the proceedings held in open court. Movant was fully aware of his rights, agreed to give them up in exchange for a substantial benefit, and did not take advantage of any of the opportunities he had to tell the court that he did not wish to waive his right to appeal or had changed his mind.

Moreover, in light of the above, as well as movant's failure to address this issue in his filings, movant fails to demonstrate that there was a reasonable probability that he would have filed an appeal.

Therefore, movant's claim of ineffective assistance of counsel based on an alleged failure to file a notice of appeal should be denied.

    C. <u>Alternative: Merits of Failure to File Motion re Sentencing Claim</u>

In his second claim, movant contends defense counsel was ineffective based on her failure to move for a downward departure pursuant to U.S.S.G. §3B1.2 mitigating role based on movant's allegedly minor role as a "courier/bystander." (ECF No. 198 at 4-5.) Movant contends

15

that he only received orders from other persons, was not the owner of the drugs, and was not planning the business. (ECF No. 207 at 8.) In conclusion, movant argues that he had no criminal history, and cooperated with the government in every way. (ECF No. 207 at 11.)

Given movant's valid § 2255 waiver, as set forth above, the court need not address the merits of this claim because movant waived his right to file a § 2255 motion. However, even if movant's waiver was invalid, such claim would fail because movant was not entitled to a downward departure on the basis that he was a minor participant, and therefore he fails to demonstrate prejudice.

As set forth above, movant must demonstrate, under Strickland, that defense counsel's performance fell below an objective standard of reasonableness, and that movant was prejudiced by counsel's deficient performance

A two-level reduction may be obtained "if the defendant was a minor participant," which the Guidelines define as "any participant who is less culpable than most other participants." See U.S.S.G. § 3B1.2 & cmt. 5 (2012). "A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case." United States v. Davis, 36 F.3d 1424, 1436 (9th Cir. 1994). Just because a defendant may be less culpable than other participants in an offense, he is not necessarily entitled to a minimal or minor role adjustment. Davis, 36 F.3d at 1436. "Moreover, [the Ninth Circuit] has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Davis, 36 F.3d at 1436.

Here, the PSR recommended no adjustment for movant's role in the offense under U.S.S.G. § 3B1.1 or 3B1.2. Movant "was involved in a single transaction involving methamphetamine. There is no evidence to indicate [movant] occupied either a leadership role or was a minimal participant in this offense." (PSR at 6.) This recommendation meant that movant's sentence was not increased based on a leadership role finding, or decreased based on a minimal participation finding.

In addition, five pounds of a controlled substance were seized during movant's arrest, and later confirmed to be methamphetamine. (ECF No. 165 at 10; PSR at 4.) The Ninth Circuit has

"recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction." United States v. Lui, 941 F.2d 844, 849 (9th Cir. 1991); United States v. Sanchez-Lopez, 879 F.2d 541, 557-58 (9th Cir. 1989) (seizure of 574.06 grams of heroin was significant amount, supporting denial of downward departure, and collecting Fifth Circuit cases finding defendants were not minor or minimal participants where the crime involved a significant quantity of a dangerous drug).

Moreover, the government had confidential sources who corroborated movant's role and involvement in the drug conspiracy. (ECF No. 205-1 at 12-16.) The government's discovery provided clear evidence that movant had a substantial and continuous role with the drug conspiracy. (ECF No. 205-1 at 18-50.)

Movant's contention that he was entitled to such a sentence reduction because he was just a courier is also unavailing. The "fact that a defendant acted as a drug courier does not mean his role was minimal or minor." Ajala v. United States Parole Commission, 997 F.3d 651, 656 (9th Cir. 1993) (citation omitted). "[A] defendant may be a courier without being either a minimal or a minor participant. Lui, 941 F.2d at 849, citing United States v. Zweber, 913 F.2d 705, 710 (9th Cir. 1990) ("Culpability, not courier status, is the key.").

Similarly, movant's reliance on his lack of a criminal record is unavailing. During sentencing, defense counsel argued that movant should be sentenced to the statutory 120 month minimum sentence because the 120 months is significant, but also because movant is not the typical defendant because he has no criminal record. (ECF No. 197 at 6.) However, the district court quickly pointed out that if movant had a criminal record, the guideline sentencing range would have been higher. (ECF No. 197 at 6.) In other words, movant's lack of a criminal record was taken into account by the probation department in calculating the 135 to 165 month guideline range. (PSR at 6-7; 9, 11, 13.)

Finally, movant's defense attorney provided a declaration confirming she did not believe there was a good faith argument for a reduction under U.S.S.G. §3B1.2. (ECF No. 205 at 31.) Her decision was "based on extensive discovery obtained from the government indicating

////

[movant's] role and involvement with the charged drug conspiracy was significant and continuous and spanned from at least June 2007 to August 2008. (ECF No. 205 at 31-32.)

In light of this record, movant cannot show that had defense counsel made a motion under U.S.S.G. § 3B1.2, such motion would have been granted. Importantly, movant fails to demonstrate that, absent defense counsel's failure to file such a motion, he would not have pled guilty and would have insisted on going to trial. Because movant was sentenced to 130 months in state prison, less than the 135 month recommendation in the PSR, the undersigned is not convinced that a decision to reject the plea bargain, based on defense counsel's failure to argue for a reduction under U.S.S.G. § 3B1.2 would have been rational. Thus, movant fails to demonstrate prejudice under Strickland.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 205) be granted, and movant's § 2255 motion (ECF No. 198) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:13-cv-1116 LKK KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Any response to the objections shall be filed and served within fourteen days after service of the

////

////

objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 5, 2014

/barr0414.257

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE